**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**GREGORY DODSON,**

        **Petitioner,**

        **v.**

**CHARELETTA JENKINS,
WARDEN,**

        **Respondent.**

        **CASE NO. 2:17-CV-00878
JUDGE GEORGE C. SMITH
Magistrate Judge Elizabeth P. Deavers**

<u>**REPORT AND RECOMMENDATION**</u>

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254. This matter is before the Court on its own motion to consider the sufficiency of

the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States

District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this

action be **DISMISSED** as barred by the one-year statute of limitations provided for under 28

U.S.C. § 2244(d)**.**

**Facts and Procedural History**

Petitioner challenges his August 7, 2014, conviction on possession of drugs pursuant to

his guilty plea in the Franklin County Court of Common Pleas. The Ohio Tenth District Court of

Appeals summarized the facts and procedural history of the case as follows:

> In 2013, appellant was indicted with one count of possession of
> cocaine in violation of R.C. 2925.11, a felony of the first degree. In
> 2014, he agreed to enter a guilty plea to a felony of the second-
> degree form of the same offense. The "Entry of Guilty Plea" form
> appellant signed notified him that the maximum prison term he
> could receive for the offense was eight years and that the
> mandatory minimum prison term was two years. The section of the
> form that would indicate a jointly-recommended sentence states:
> "PSI. Defendant's Bond to be revoked as on 9 am on Tuesday, July

15 at which time he shall report to the Franklin County Correction Facility 370 South Front Street." Ultimately, the trial court accepted appellant's guilty plea, found him guilty, and sentenced him to a four-year prison term. Appellant did not appeal his conviction or sentence.

In 2016, appellant filed his "Motion for Specific Performance and Request for Evidentiary Hearing." Appellant claimed that he entered his guilty plea in exchange for a jointly-recommended mandatory minimum prison sentence of two years. He argued that the state breached that agreement at his sentencing hearing when the prosecutor asked the trial court to impose a four-year prison sentence. As a result, he requested that the trial court enforce the terms of the plea agreement he thought he had entered into with the state. The trial court denied appellant's motion, in part on res judicata grounds, but also for his failure to substantiate his claims.

II. Appellant's Appeal

Appellant appeals and assigns the following errors:

[1.] The trial court erred and abused its discretion by denying Defendant's clearly defined and marked "Motion for Specific Performance and Request for Evidentiary Hearing" which also compelled the preparation of complete transcripts from both the plea hearing and the sentencing hearing to aid the court in interpretation of agreement breached by prosecutor; when trial court misconstrued Motion as an untimely Petition for Postconviction relief under O.R.C. 2953.21. Here, the Plain Errors on the face of the record mandate that claims can be brought at any time, not just on direct appeal or collateral attack, and are not barred by res judicata. * * * In fact, the terms of the Joint Agreement were enforceable at any time.

*State v. Dodson,* No. 16AP-160, 2016 WL 5375485, at *1-2 (Ohio App. 10th Dist. Sept. 22, 2016). On September 22, 2016, the appellate court affirmed the trial court's judgment of dismissal. *Id.* On May 31, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Dodson*, 149 Ohio St.3d 1421 (Ohio 2017). On March 9, 2017, Petitioner filed a motion for re-sentencing. On March 16, 2017, the trial court denied the motion. (ECF No. 1-2, PageID# 37.) Petitioner also indicates that on August 9, 2017, he filed a petition for post

conviction relief and motion to modify sentence in the state trial court, which action apparently remains pending.  (PageID# 25.)

On October 5, 2017, Petitioner filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254.  He indicates that he executed the petition on October 2, 2017.  (PageID# 31.)  He asserts that the State of Ohio breached the terms of his Plea Agreement (claim one); that he was denied the effective assistance of counsel because his attorney failed to object to his sentence or challenge the State's "inference of the evidence" (claim two); that the evidence was constitutionally insufficient to sustain his conviction (claim three); and that he was denied due process based on prosecutorial misconduct (claim four).

## Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d).  The statute provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Applying the language of § 2244(d)(1)(A), Petitioner's conviction became final on September 8, 2014,[1] thirty days after the August 7, 2014, entry of sentence, when the time period expired to file a timely appeal. *See Watkins v. Dayton Corr. Inst*., No. 2:16-cv-501, 2016 WL 3855206, at *2 (S.D. Ohio July 15, 2016) (citing *Worthy v. Warden*, No. 2:12-cv-652, 2013 WL 4458798, at *2 (S.D. Ohio Aug. 19, 2013) (citing *Searcy v. Carter*, 246 F.3d 515, 518–19 (6th Cir. 2001)); *Marcum v. Lazarof*, 301 F.3d 480, 481 (6th Cir. 2002); Ohio App.R. 4(A)). The statute of limitations expired one year later, on September 8, 2015. Petitioner waited more than two years to execute this habeas corpus petition. Petitioner's subsequent collateral actions, the first of which he filed in January 2016, did not toll or otherwise affect the running of the statute of limitations, because the statute of limitations had already expired prior to the filing of such actions. "State collateral actions filed after the statute of limitations has expired do not toll the running of the statute of limitations under 28 U.S.C. 2244(d)(2)." *Albert v. Warden, Chillicothe Correctional Institution*, No. 2:16-cv-1110, 2017 WL 2189561, at *3 (S.D. Ohio May 18, 2017) (citing *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Further, the record fails to reflect a basis for equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 650 (2010) (A

---

[1] September 6, 2014, fell on a Saturday.

petitioner is entitled to equitable tolling only if he shows "1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstances stood in his way" and prevented timely filing) (citing *Pace*, 544 U.S. at 418).

## Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** with as barred by the one-year statute of limitations.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

*s/Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge
