# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**GREGORY DODSON,**

    **Petitioner,**

    v.

**CHARELETTA JENKINS,
WARDEN,**

    **Respondent.**

**CASE NO. 2:17-CV-00878
JUDGE GEORGE C. SMITH
Magistrate Judge Deavers**

## OPINION AND ORDER

On October 10, 2017, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that this action be dismissed as barred by the one-year statute of limitations provided for under 28 U.S.C. § 2244(d). (Doc. 3.) Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. (Docs. 4, 7.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's objections (Docs. 4, 7) are **OVERRULED**. The *Report and Recommendation* (Doc. 3) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of the case as time-barred. Petitioner, claims that his attorney told him that the prosecutor had agreed to recommend imposition of a mandatory minimum sentence of two years; however, at sentencing, the prosecutor instead recommended imposition of more than the mandatory minimum sentence, thereby breaching the terms of Petitioner's plea agreement. Petitioner states that, after he arrived

at the Correctional Reception Center, he saw that his paperwork indicated that he was serving a mandatory sentence. (*See* Doc. 7, PageID# 160.) Petitioner attempted to obtain clarification regarding this mandatory term by writing to defense counsel and the trial judge on August 20, 2014, and October 16, 2014, respectively, but he received no response. (PageID# 161-62.) On December 5, 2014, Petitioner filed a Praecipe to the Clerk requesting a free copy of his Judgment Entry of sentence, sentencing transcripts, and other documents related to his case, for the purpose of filing an appeal. (PageID# 149; 165-67.) Petitioner argues that he could not timely appeal, because the State refused to provide him with a copy of his sentencing transcripts. Petitioner indicates that, on January 8, 2016, a friend purchased a copy of the sentencing transcripts on his behalf. (PageID# 149; 169.) Petitioner maintains that he has diligently pursued relief, that state action prevented him from timely filing, and that equitable tolling of the statute of limitations is warranted.

Plainly, this action is not timely under the provision of 28 U.S.C. § 2244(d)(1)(A), and Petitioner does not argue otherwise. As discussed in the Magistrate Judge's *Report and Recommendation*, applying § 2244(d)(1)(A), the statute of limitations on September 8, 2015. However, Petitioner waited more than two years, until October 2, 2017, to execute this habeas corpus petition. (Doc. 1-2, PageID# 31.) His state collateral actions, the first of which he filed in January 2016, did not toll the running of the statute of limitations, because the statute of limitations had already expired prior to the filing of these actions.

That said, the AEDPA's limitations period is not jurisdictional and is subject to equitable tolling, although it is granted only sparingly in habeas cases. *Hall v. Warden, Lebannon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011). In order to establish equitable tolling, a petitioner must establish that (1) he has been pursuing his rights diligently and (2) some extraordinary

circumstance stood in his way and prevented him from filing in a timely fashion. *Holland v. Florida*, 560 U.S. 641, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011).

The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but defective, pleading or where he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Where the party failed to exercise due diligence in preserving his legal rights, courts are much less forgiving. *Id.; Jurado v. Burt*, 337 F.3d 638, 642–13 (6th Cir. 2003). A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations. *Hall*, 662 F.3d at 751 (citation omitted). These are conditions typical for many prisoners and do not rise to the level of exceptional circumstances. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004).

> Standing alone. . . the unavailability of or delay in receiving transcripts is not enough to entitle a habeas petitioner to equitable tolling. *Inglesias v. Davis*, No. 07–1166, ––Fed.Appx. ––, ––, 2009 WL 87574, at *2 (6th Cir. Jan. 12, 2009) (unpublished opinion) (holding that the petitioner's lack of access to the trial transcript and his limited ability to speak English did not warrant the equitable tolling of AEDPA's statute of limitations); *see also Lloyd v. Van Natta,* 296 F.3d 630, 633–34 (7th Cir. 2002) (*per curiam*) (holding that the petitioner's inability to obtain the trial transcript is not grounds for equitable tolling); *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002) (holding that the court's delay in furnishing the petitioner with the trial transcript is insufficient to justify equitable tolling); *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001) (same as *Lloyd*). The courts have reached this conclusion because access to the trial transcript—although understandably helpful to petitioners—is not necessary to file a habeas petition[.]

*Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750-51 (6th Cir. 2011); *see also Heid v. Warden, Ross Corr. Inst.*, 2017 WL 2225458, at *11-12 (S.D. Ohio May 22, 2017) (equitable tolling of the statute of limitations not warranted where the Petitioner fails to explain his delay in pursuing relief) (citations omitted).

The record does not support Petitioner's claim that he acted diligently in pursuing relief or that lack of access to the trial transcript prevented his timely filing. Although the basis for Petitioner's claim would have been apparent to him at the time of sentencing, Petitioner never attempted to file an appeal, or a motion for a delayed appeal. He does not indicate that he did not know about his right to appeal. To the contrary, Petitioner states that he attempted to obtain a copy of the sentencing transcripts to file the appeal. (Doc. 7, PageID# 149.) However, Petitioner did not need a copy of the sentencing transcript in order to file an appeal or pursue state collateral relief. Nonetheless, he waited almost 1 ½ years after he was sentenced, until January 2016, to file a state post conviction petition. He then waited more than four months after the Ohio Supreme Court's dismissal of that appeal to execute this habeas corpus petition. Petitioner does not explain his delay.

For these reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's objections (Docs. 4, 7) are **OVERRULED**. The *Report and Recommendation* (Doc. 3) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v.*

*Fisher*, ––U.S. ––––. ––––, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

This Court is not persuaded that reasonable jurists would debate the dismissal of this case as time-barred. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED**.

      *s/ George C. Smith*
      **GEORGE C. SMITH, JUDGE**
      **UNITED STATES DISTRICT COURT**